IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR SUWANNEE COUNTY, FLORIDA

**KIMBERLY MATTAIR,**

CASE NO.: 16-CA201
FLA BAR NO.: 0739685

    **Plaintiff,**

v.

**PILGRIM'S PRIDE CORPORATION,**

    **Defendant,**
_____/

## AMENDED COMPLAINT

Plaintiff, KIMBERLY MATTAIR, hereby sues Defendant, PILGRIM'S PRIDE CORPORATION, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §§12101 et seq. and 42 U.S.C. §1981a. This is also an action brought pursuant to the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. This action involves claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, KIMBERLY MATTAIR, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her actual or perceived disability and because she engaged in protected activity. She was the victim of retaliation thereafter. Prior to her need for leave, she

1

worked for Defendant for more than 1,250 hours in the year immediately preceding her need for leave for a serious medical condition.

4. At all times pertinent hereto, Defendant, PILGRIM'S PRIDE CORPORATION, which has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female, began her employment with Defendant on June 18, 1998, and currently holds the position of Lead Worker.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability and record of impairment and has been and continues to be retaliated against after reporting disparate treatment.

8. The mistreatment comes at the hands of specifically but not limited to Human Resource Representatives Bobby Riley and Cynthia Cason.

9. Plaintiff suffers from serious medical conditions which require her to take medical leave. Specifically, Plaintiff suffers from severe migraine headaches, high blood

pressure and she has a heart problem. Defendant has taken action against Plaintiff specifically but not limited to her denial of medical leave; write ups, warnings and discipline for medical leave absences. Plaintiff has been treated less favorably than specifically but not limited to co-workers Vicki and Tori (last names unknown) and has not been accommodated fully for her disabling conditions.

11. Plaintiff was also written up for missing days that she was out on FMLA leave. Though she has not been terminated, Plaintiff has been placed on leave by the Defendant since August 22, 2016, in continued disparate treatment and as a means of retaliation for filing a charge of discrimination.

12. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

### COUNT I
### DISABILITY DISCRIMINATION

13. Paragraphs 1-12 are re-alleged and incorporated herein by reference.

14. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, and 42 U.S.C. §§12101 et seq..

15. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

16. Defendant is liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew

3

or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

17.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

18.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to the adverse action taken against Plaintiff.

19.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability and/or her record of having an impairment.

20.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

21.    Paragraphs 1-12 are re-alleged and are incorporated herein by reference.

22.    This is an action against Defendant for harassing Plaintiff due to using leave time, and for retaliating against her for taking time off that was authorized by and protected under the FMLA. This is thus an interference and retaliation claim.

23. After taking leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against her for using leave.

24. Plaintiff was denied rights and benefits conferred by the FMLA.

25. Defendant's violations of the FMLA were willful.

26. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for lost wages, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future.

## COUNT III
## RETALIATION

27. Paragraphs 1-12 are re-alleged and incorporated herein by reference.

28. Defendant is an employer as that term is used under the applicable statutes referenced above.

29. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq., Chapter 760, Florida Statutes, and other statutory provisions cited herein.

30. The foregoing unlawful actions by Defendant were purposeful.

31. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

32. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter including without limitation her termination.

33. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 16th day of January, 2017.

                        Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF